IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 24-77 (MN) |
| | ) | |
| DEBORAH EVANS MOTT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Benjamin L. Wallace, United States Attorney, Claudia L. Pare, Assistant United States Attorney, Hannah J. McCollum, Trial Attorney, Office of the United States Trustee, Wilmington, DE, – attorneys for United States of America

John S. Malik, LAW OFFICES OF JOHN S. MALIK, Wilmington, DE, Randy M. Mott, LAW OFFICES OF RANDY M. MOTT, Washington, D.C. – attorneys for Defendant

October 1, 2026
Wilmington, Delaware

Maryellen Noreika

**NOREIKA, U.S. DISTRICT JUDGE:**

Few lawyers have tried a case flawlessly. After a trial has ended, attorneys and their clients may wish they had done some things differently – made a point more clearly, advanced an overlooked argument, or put forth additional witnesses and evidence. But as a general rule, regret does not justify presentation of more evidence at a later date.

Defendant Deborah Evans Mott brings a motion to reopen evidence (D.I. 123) ("the Motion") based primarily on regret. She wishes that she had introduced certain documents at trial – documents she possessed well before trial. Because Mott has offered no good reason to reopen evidence, the Motion is denied.

## I. BACKGROUND

The background of this case is fully described in the Memorandum Opinion issued by this Court on this same day. This Court held a criminal bench trial on June 22 through June 25, 2026. On July 31, 2026, Mott submitted the Motion at issue to reopen evidence. (D.I. 123). The Motion is opposed and has been fully briefed. (D.I. 126, 128).

## II. LEGAL STANDARD

"[A] party that seeks to reopen a proceeding must provide a reasonable explanation for its failure to initially present the evidence." *United States v. Smith*, 751 F.3d 107, 114 (3d Cir. 2014). "When determining whether to reopen a proceeding, the paramount factor for a district court to consider is whether reopening, if permitted, would prejudice the party opposing it." *Id.* Other relevant considerations include the "timeliness of the request" and the "character" of the evidence. *United States v. Bell*, 418 F. App'x 115, 118 (3d Cir. 2011); *see United States v. Trant*, 924 F.3d 83, 88 (3d Cir. 2019) (explaining district courts may also consider whether "the new evidence is admissible and has probative value"). District courts have "wide discretion" over whether to reopen proceedings. *See Trant*, 924 F.3d at 88.

## III. DISCUSSION

Mott's request to open evidence fails for a number of reasons. First, she has offered no good reason why she failed to present the evidence at issue at trial.[1] Mott seeks to introduce a set of emails to and from attorneys at the law firm Robinson & Cole ("R+C"). (D.I. 123, Ex. A). The Government asserts, and Mott does not dispute, that she was provided with these emails more than a year before trial. (D.I. 81-2 at 8, 10).

Mott indicates that the significance of the evidence she now seeks to introduce "became fully apparent only when set beside the Government's intent theory."[2] As an initial matter, it cannot be that when one party does anything unexpected at trial, the other party is automatically entitled to reopen evidence at a later date after trial has concluded. Moreover, here, there is no evidence to support Mott's assertion. She offers no specific facts of an unexpected aspect of "the Government's intent theory." The Court did not observe anything particularly surprising in the government's presentation at trial. And the defense did not call attention to or object to any theory at trial on the grounds that it was not previously disclosed. Additionally, the trial was four days long, and the government finished presenting its evidence midway through the second day –

---

1 Two documents Mott seeks to introduce – RC0014486 and RC0010408 – were admitted as government exhibits during trial. (GX 78, 83). The Motion is thus moot as it pertains to these documents.

2 Mott appears to have a different argument for one document, which is labeled DX 154 and RC0020453. At trial, Mott sought to introduce RC0020453 into evidence; the government objected on the basis that it was hearsay; and Mott was unable to show then that the document was not hearsay. (*See* Trial Tr., June 23, 2026, at 309:10-311:1). The Court stands by its hearsay ruling. That said, defense counsel also used RC0020453 to ask questions of one of the recipients of the email at trial then apparently forgot to offer it in to evidence. The email was also presented to the Court during trial. The Court will excuse that mistake. RC0020453 is considered part of the trial record. But for the reasons noted herein, RC0020453 is not meaningful exculpatory evidence.

meaning Mott and her attorneys had ample time to understand the government's intent theory and introduce their own evidence in response.

The "character" and "probative value" of the documents Mott now seeks to introduce also counsel against reopening the presentation of evidence. *See Trant*, 924 F.3d at 88; *Bell*, 418 F. App'x at 118. The documents at issue tend to establish that Mott produced some documents to R+C and that R+C then produced some of Mott's documents in PDF format without accompanying metadata. (*See* D.I. 123, Ex. A). But the government has never challenged that Mott produced some documents (only that her production was incomplete) and never took issue with the lack of metadata in documents.[3] (*See, e.g.*, D.I. 107 ¶¶ 90-92). The evidence that Mott now seeks to introduce is thus not particularly helpful to her defense.

Further, the Motion seeks to reopen evidence "for the limited purpose of admitting a set of authenticated Robinson & Cole . . . production and litigation-support emails documenting how the debtor's records were produced and processed."[4] (D.I. 123 at 1). This Court has now considered the emails in connection with this Motion and has determined that the emails have no material bearing on the evidence produced at trial. It is thus unclear how formally admitting these emails would benefit Mott before this Court.

---

3 To the extent this metadata evidence is relevant to the issue of whether Mott whited-out portions of certain documents (and it is hard to see how this evidence points much either way), this Court does not rely on a finding that Mott herself made the white-outs in addressing whether the Government has satisfied its burden at trial.

4 The Motion also states that the emails "are required to impeach the two government witnesses statements about lack of document production by Ms. Mott." (D.I. 123 at 1). But the Motion does not seem to suggest recalling the government's witnesses; rather, it indicates that the emails standing alone contradict certain testimony (this Court finds they do not). Because these emails have little probative value, this Court also finds it would be of little use to confront the government's witnesses live with them.

There may not be significant prejudice to the government in reopening evidence – that is, besides potential additional time and effort. But that does not mean there is none. Here, the trial had concluded and briefing has been completed and there is a risk of disruption of the proceedings or the new evidence taking on distorted importance. *See Trant*, 924 F.3d 83, 88 (3d Cir. 2019). And of course, prejudice is not the only factor for consideration. *Id.* (noting that timing of the motion and probative value of the evidence are also relevant). Indeed, it would be unwieldy if parties could always successfully move to reopen evidence as long as the opposing party failed to point to some specific form of prejudice.

* * *

Trials are not rolling, stop-and-start hearings that resume whenever one party sees an advantage. Finality is vital. Here, where the motion to reopen evidence was made more than a month after trial ended and seeks to introduce documents that were readily available to the parties well before trial, there must be a compelling reason to expand the trial record. Defendant has offered no such reason. The Motion is therefore denied.